UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

FILED
2019 DEC 17 P 5: 22
U.S. DISTRICT COURT
EASTERN DIST. TENN.

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 3:19-CR-216 |
| | ) Judges: Jordan/Guyton |
| WYNDE COLLINS and | ) |
| ALVIN JOHNSON. | ) |

## INDICTMENT

The Grand Jury charges as follows:

### COUNT ONE
(Conspiracy to Commit Bank Fraud)

1. From on or about June 2014, through on or about December 17, 2019, in the Eastern District of Tennessee and elsewhere, the defendants, **WYNDE COLLINS** and **ALVIN JOHNSON**, did combine conspire, confederate, agree, and have a tacit understanding with each other and others known and unknown to the Grand Jury, including Brooke Hensley, to knowingly execute and attempt to execute a scheme and artifice to defraud financial institutions, the deposits of which were federally insured, by means of materially false and fraudulent pretenses, representations, and promises, as well as by omission of material facts, with intent to defraud, in violation of Title 18, United States Code, Section 1349.

### Background

At all times relevant to this Indictment:

2. The Federal Deposit Insurance Corporation ("FDIC") is a federal agency that insures the deposits of accountholders at member banks.

3. The National Credit Union Administration is a federal fund that insures the deposits of accountholders at member credit unions.

4. Navy Federal Credit Union, Digital Federal Credit Union, Pentagon Federal Credit Union, Y-12 Federal Credit Union, ORNL Federal Credit Union, Dover Federal Credit Union, American Airlines Federal Credit Union, Army Aviation Center Federal Credit Union, Affinity Plus Federal Credit Union, and TVA Employees Credit Union are all financial institutions with accounts insured by the National Credit Union Administration.

5. Wells Fargo and First Citizens Bank are financial institutions with accounts insured by the FDIC.

6. Alcova Mortgage, LLC is a mortgage lending business that makes federally related mortgage loans.

7. Navy Federal Credit Union, Digital Federal Credit Union, Pentagon Federal Credit Union, Y-12 Federal Credit Union, ORNL Federal Credit Union, Dover Federal Credit Union, American Airlines Federal Credit Union, Army Aviation Center Federal Credit Union, Affinity Plus Federal Credit Union, and TVA Employees Credit Union were lenders that allowed borrowers to apply for vehicle loans online. The applications required the prospective borrowers to enter the amount of the requested loan, the personal identifying information of the applicant, income information, the Vehicle Identification Number ("VIN") identifying the vehicle the applicant wanted to purchase, and the seller of that vehicle. If the lender approved the loan, the lender would send a loan check for the borrower to submit to the seller for the purchase of the specific vehicle identified in the loan application.

8. **ALVIN JOHNSON** opened and maintained bank accounts in the names of the following sham businesses: Platinum Auto Motors, LLC; Auto America, LLC, Auto USA, LLC, Metro Cars, LLC, Car Source, LLC, Car Select, LLC, Auto America Company, LLC, City Auto Sales, and others ("Shell Companies").

2

## Scheme to Defraud (Manner and Means)

9. The primary purpose of the conspiracy was for the defendants and other co-conspirators, both known and unknown to the Grand Jury, including Brooke Hensley, to obtain money under the custody and control of various financial institutions through fraudulent representations.

10. **ALVIN JOHNSON, WYNDE COLLINS** and others in the conspiracy would fraudulently represent to the financial institutions that they were engaged in legitimate transfers and sales of vehicles in order to obtain financing for the purchase of the vehicles. Generally, **ALVIN JOHNSON**, would also falsely represent to the financial institutions that upon the sale of these vehicles, the titles to the vehicles would be provided to the financial institutions as security for the loans. **ALVIN JOHNSON** used Shell Companies as fronts or covers to make it appear as if the Shell Companies would transfer title to the borrower/lender upon the sale of the vehicles.

11. In reality, however, **ALVIN JOHNSON** and his Shell Companies never at any time actually had legal title to the vehicles. Additionally, there were no actual purchases and sales of the vehicles. These material false representations were solely made to the financial institutions to obtain fraudulent loan funds from the financial institutions in furtherance of the bank fraud.

12. The financial institutions would lend money in reliance upon **ALVIN JOHNSON's** representations that the loan funds would be used for the purchase of the vehicles. Upon approval of the loans, the funds would generally be provided by the financial institutions, in the form of checks, made payable both to the borrower and the ostensible vehicle seller, including the shell business created by **ALVIN JOHNSON**.

3

13. Upon receiving the fraudulently obtained proceeds from the financial institutions, the conspirators, including **ALVIN JOHNSON** and **WYNDE COLLINS**, would thereafter divide such proceeds among themselves and the borrowers.

14. It was a part of the conspiracy that **WYNDE COLLINS** in some instances, recruited licensed auto brokers to assist in finding vehicles to sell the loan recipients by falsely representing that **WYNDE COLLINS** had a borrower interested in purchasing a vehicle. As a result, the auto brokers found available vehicles and prepared buyers' orders which included vehicle descriptions and VINs to support the vehicle loans. After the auto broker had provided the documents and the loan funds had been disbursed, however, the purchase transactions were never finalized and no vehicles were actually purchased.

15. It was part of the conspiracy that **WYNDE COLLINS** and **ALVIN JOHNSON**, along with Brooke Hensley, and others known and unknown to the Grand Jury, executed an automobile loan scheme that involved (i) creating and causing to be created shell companies to pose as automobile dealerships, (ii) submitting and causing to be submitted, false automobile loan applications to financial institutions for the purchases of vehicles from the Shell Companies, (iii) obtaining and seeking to obtain funds from financial institutions through materially false and fraudulent pretenses, representations, promises, as well as by omissions of material fact, and (iv) disbursing fraudulently-obtained funds amongst the conspirators and loan applicants.

16. It was further part of the conspiracy that **ALVIN JOHNSON** and **WYNDE COLLINS** created accounts at financial institutions with the intent of securing fraudulent auto loans.

17. It was further part of the conspiracy that **ALVIN JOHNSON** created business names for phony car dealerships and further opened and operated bank accounts for said fictitious businesses.

18. **WYNDE COLLINS** and **ALVIN JOHNSON** and others known and unknown to the Grand Jury, including Brooke Hensley, applied for and caused others to apply for loans at financial institutions.

19. The loan application documents submitted to the financial institutions contained materially false statements regarding the vehicles to be purchased and the dealerships from which the vehicles were to be purchased. Among other things, the dealerships listed as the sellers of the vehicles for which the loans were sought were the Shell Companies and accounts created and maintained by **ALVIN JOHNSON**, and the vehicles to be purchased listed in the loan applications were not actually being sold by those companies.

20. It was further part of the conspiracy that **WYNDE COLLINS** would provide false income information for the loan applications, thereby making material false representations to the lenders as to the borrower's income and source of income on the vehicle loan applications.

21. It was further part of the conspiracy that **WYNDE COLLINS** would facilitate the creation of fraudulent tax returns to be filed with the Internal Revenue Service in order to lend legitimacy to the loan applications submitted in furtherance of this scheme to defraud.

22. In instances where the financial institution approved the automobile loan and issued a check or wire, the fraudulently-obtained automobile loan funds were deposited into bank accounts controlled by **ALVIN JOHNSON**, **WYNDE COLLINS**, and others.

23. Loan recipients would receive checks and direct deposits that were made out to the recipient and the fictitious entity that was "selling" the automobile that formed the basis of the loan. In most instances, **ALVIN JOHNSON** maintained and controlled the accounts for the Shell Companies and would deposit the loan proceeds into business accounts that he controlled; **ALVIN JOHNSON** would then disburse the funds to **WYNDE COLLINS** and the loan

5

recipients. In other instances, loan funds were disbursed to the licensed auto brokers that **WYNDE COLLINS** had recruited under false pretenses.

24. **WYNDE COLLINS**, along with Brooke Hensley, also applied for and caused others to apply for a mortgage loan at Alcova Mortgage, LLC and later acquired by Wells Fargo bank.

25. The mortgage loan application contained material false representations regarding source and amount of income which Alcova Mortgage, LLC relied upon in approving the mortgage application.

All in violation of Title 18, United States Code, Section 1349.

## COUNTS TWO THROUGH SEVEN
### (Bank Fraud)

26. The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs two through 25 of this Indictment as fully set forth herein.

27. On or about the dates set forth in the table below, in the Eastern District of Tennessee and elsewhere, the defendants, **WYNDE COLLINS** and **ALVIN JOHNSON**, being aided and abetted by each other and others known and unknown to the Grand Jury, including Brooke Hensley, with the intent to defraud financial institutions described above in Count One, knowingly caused the automobile loans listed in the table below to be issued in the individuals' names whose identities are known to the Grand Jury and listed in the table below, did make and cause to be made materially false and fraudulent pretenses, representations, and promises, and material omissions, which the defendants knew to be false and fraudulent at the time they were made, in order to procure the issuance of automobile loans identified in the following, separately-numbered counts:

6

| Count | Individuals | Date | Financial Institution | Loan Amount | Borrower Name | False Collateral |
|---|---|---|---|---|---|---|
| 2 | COLLINS Hensley | 5/16/2017 | Y-12 Federal Credit Union | $25,452.44 | J.S. | 2010 Jeep Wrangler, Unlimited |
| 3 | COLLINS Hensley | 4/20/2017 | Pentagon Federal Credit Union | $29,546.56 | M.H. | 2016 Toyota 4 Runner |
| 4 | COLLINS Hensley | 4/19/2017 | Digital Federal Credit Union | $31,180.40 | M.H. | 2016 Dodge Challenger |
| 5 | COLLINS Hensley | 5/4/2017 | ORNL Federal Credit Union | $29,857.69 | M.H. | 2016 GMC Acadia |
| 6 | COLLINS JOHNSON Hensley | 7/28/2017 | Knoxville TVA Employees Credit Union | $25,092.01 | L.W. | 2017 Honda Accord |
| 7 | COLLINS JOHNSON Hensley | 8/4/2017 | ORNL Federal Credit Union | $33,681.75 | L.W. | 2017 Chevrolet Silverado |

All in violation of Title 18, United States Code, Sections 1344, and 2.

7

# COUNT EIGHT

## CONSPIRACY TO COMMIT MONEY LAUNDERING
### (18 U.S.C. § 1956(h))

28. The allegations contained above in paragraphs one through 27 are incorporated herein by reference for purpose of alleging conspiracy to commit money laundering in violation of Title 18, United States Code, Section 1956(h).

29. The Grand Jury further charges that beginning in at least July 2017, in the Eastern District of Tennessee and elsewhere, the defendants, **WYNDE COLLINS** and **ALVIN JOHNSON**, did combine conspire, confederate, agree, and have a tacit understanding with each other and others known and unknown to the Grand Jury, including Brooke Hensley, to commit certain offenses against the United States, in violation of Title 18, United States Code, Sections 1956 and 1957, as follows:

    a. knowingly conducting and attempting to conduct financial transactions affecting interstate commerce, which transactions involved the proceeds of specified unlawful activity, that is, bank fraud, in violation of Title 18, United States Code, Sections 1344, with the intent to promote the carrying on of a specified unlawful activity, that is bank fraud, and that while conducting such financial transactions knew that the property involved in the financial transactions represented the proceeds for some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i);

    b. knowingly conducting and attempting to conduct financial transactions affecting interstate commerce, which involved the proceeds of specified unlawful activity, that is: bank fraud in violation of 18 U.S.C. § 1344, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions

8

represented the proceeds of some form of unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

    c. knowingly engaging and attempting to engage in monetary transactions by, through or to a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is bank fraud in violation of 18 U.S.C. § 1344, in violation of Title 18, United States Code, Section 1957.

All in violation of Title 18, United States Code, Section 1956(h).

## FORFEITURE ALLEGATIONS

30. The allegations contained in Counts One through Eight of this Indictment are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. §§ 981(c)(1)(C), 982(a)(1), 982(a)(2)(A) and 28 U.S.C. § 2461(c).

31. Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), upon conviction of an offense in violation of 18 U.S.C. § 1349, any defendant so convicted shall forfeit to the United States any property, real or personal, constituting or derived from proceeds traceable to a violation of 18 U.S.C. § 1349.

32. Pursuant to 18 U.S.C. § 982(a)(2)(A), upon conviction of an offense in violation of 18 U.S.C. § 1344, any defendant so convicted shall forfeit to the United States any property constituting, or derived from, proceeds obtained directly or indirectly, of a violation of 18 U.S.C. § 1344.

33. Pursuant to 18 U.S.C. § 982(a)(1), upon conviction of an offense in violation of 18 U.S.C. §§ 1956(h) and/or 1957, any defendant so convicted shall forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property.

9

34. The property to be forfeited includes but is not limited to the following:

    a. A personal money judgment in favor of the United States and against the defendants, **WYNDE COLLINS** and **ALVIN JOHNSON**, for an amount equal to the proceeds the defendants personally obtained in violation of 18 U.S.C. §§ 1344, 1349.

    b. A personal money judgment in favor of the United States and against the defendants, **WYNDE COLLINS** and **ALVIN JOHNSON** for an amount equal to the amount involved in the violation of 18 U.S.C. § 1956(h).

34. Pursuant to Title 21, United States Code, Section 853(p), the defendants shall forfeit substitute property, up to the value of the property subject to forfeiture, if by any act or omission of any of the defendants, said property, or any portion thereof:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred, sold to, or deposited with a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property that cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461.

**SIGNATURE REDACTED**
FOREPERSON

J. DOUGLAS OVERBEY
UNITED STATES ATTORNEY

*/s/ Anne-Marie Svolto*
ANNE-MARIE SVOLTO
Assistant United States Attorney